# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30362

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2014

Lyle W. Cayce
Clerk

JORGE FERNANDEZ; RENEE FERNANDEZ,

Plaintiffs - Appellants

v.

TAMKO BUILDING PRODUCTS, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-518

Before KING, JOLLY, and COSTA, Circuit Judges.

PER CURIAM:*

Jorge Fernandez was a roofer. He fell and was injured severely when the No. 15 felt underlayment on which he was working tore beneath his feet. He and his wife sued the felt's manufacturer, TAMKO Building Products, Inc., under the Louisiana Products Liability Act, La. Rev. Stat. Ann. § 9:2800.51–60, alleging that TAMKO should have provided a proper and adequate warning that the felt had a propensity to tear when used on steep-sloped roofs and that

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the felt on which he was working was defective in its construction or composition. The district court dismissed the plaintiffs' complaint on summary judgment, and they appeal.

We have reviewed the briefs, the pertinent portions of the record, and the applicable provisions of Louisiana law. Further, we have heard the arguments of counsel. Still, we find no reversible error in the district court's grant of summary judgment. To prevail on their failure-to-warn claim, the plaintiffs must show that the allegedly inadequate warning proximately caused Fernandez's injuries. *See* La. Rev. Stat. Ann. § 9:2800.54(A). This they cannot do, for one essential reason: neither Fernandez nor anyone else positioned to prevent Fernandez from using the No. 15 felt at issue read the warning that TAMKO *did* provide. *See Peart v. Dorel Juvenile Grp.*, 456 F. App'x 446, 447–48 (5th Cir. 2012); *Ortolano v. BDI Mktg.*, 05-989 (La. App. 5 Cir. 4/25/06); 930 So. 2d 192, 196–97.[1] This failure means that, because no warning was read before using the product, the warning, inadequate as it might have been, could not have been a cause of the injury suffered by the use of the product.

As for the plaintiffs' construction-or-composition claim, we agree with the district court that this claim fails because the plaintiffs have presented no evidence "demonstrat[ing] . . . what [the] manufacturer's specifications or performance standards are" for No. 15 felt, *see Welch v. Technotrim, Inc.*, 34,355 (La. App. 2 Cir. 01/24/01); 778 So. 2d 728, 733, or what "otherwise identical products manufactured by" TAMKO are like. *See* La. Rev. Stat. § 2800.55. Absent such evidence, the plaintiffs will not be able to show that

---

[1] The district court also dismissed the plaintiffs' failure-to-warn claim on the ground that Fernandez was a "sophisticated user" to whom TAMKO owed no duty to warn. Because we hold that the failure-to-warn claim fails on causation grounds, we express no view on the district court's "sophisticated user" holding.

No. 14-30362

the No. 15 felt at issue "deviated in a material way from" the way in which it should have been manufactured, and thus they will be unable to prevail on a construction-or-composition theory. *See id.*

For these reasons, the district court's grant of summary judgment is

AFFIRMED.